IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 15, 2000

## STATE OF TENNESSE v. MICHAEL HERNDON

**Appeal as of Right from the Circuit Court for Montgomery County**
**No. 39163      John H. Gasaway, III, Judge**

_____

**No. M2000-01080-CCA-R3-CD - Filed February 16, 2001**

_____

The appellee, Michael Herndon, was found guilty by a jury in the Montgomery County Circuit Court of one count of burglary of an automobile, a class E felony, one count of theft of property under $500, a class A misdemeanor, and one count of public drunkenness, a class C misdemeanor. The trial court sentenced the appellee as a Range I offender to the following terms of probation: two years for the burglary conviction, eleven months and twenty-nine days for the theft conviction, and thirty days for the public drunkenness conviction. The trial court further ordered the appellee to serve his sentences for the theft and public drunkenness convictions concurrently with each other but consecutively to the sentence for the burglary conviction. On appeal, the State raises the following issue for our review: whether the trial court incorrectly sentenced the appellee to probation. Based upon our review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Paul G. Summers, Attorney General and Reporter, David H. Findley, Assistant Attorney General, and Lance Baker, Assistant District Attorney General, for the appellant, State of Tennessee.

Collier W. Goodlett, Clarksville, Tennessee, for the appellee, Michael Herndon.

**OPINION**

### I. Factual Background

_____ A jury in the Montgomery County Circuit Court found the appellee, Michael Herndon, guilty of one count of burglary of an automobile, a class E felony, one count of theft of property under $500, a class A misdemeanor, and one count of public drunkenness, a class C misdemeanor. At the sentencing hearing, the State produced evidence that the appellee had an extensive criminal history, that he had demonstrated a previous unwillingness to comply with the terms of release into the community, and that he committed the instant offense while on parole for

a prior felony conviction.  The appellee admitted that he had a lengthy criminal record, much of which was alcohol related.  However, the appellee testified that, while awaiting sentencing for these offenses, he had successfully completed a six-month rehabilitation program at the Hope Center in Lexington, Kentucky, and had been working at the Hope Center as a counselor for approximately four months.  The appellee asserted that the program at the Hope Center had changed his life.

The trial court found that, regardless of the appellee's criminal past, the appellee nonetheless had the potential for rehabilitation.  Accordingly, the trial court sentenced the appellee as a Range I offender to the following terms of probation:  two years for the burglary conviction, eleven months and twenty-nine days for the theft conviction, and thirty days for the public drunkenness conviction.  The trial court further ordered the appellee to serve his sentences for the theft and public drunkenness convictions concurrently with each other but consecutively to the sentence for the burglary conviction.  The appellee's probation was conditioned on the appellee's continued participation in the Hope Center program.  The trial court stated that the appellee was required to abide by the Hope Center curfew of 10:30 p.m. and to follow all of the rules and regulations at Hope Center as part of his probation. The State now raises the following issue for our review: whether the trial court incorrectly sentenced the appellee to probation.

## II. Analysis

This court reviews challenges to the manner of service of a sentence de novo.  Tenn. Code Ann. § 40-35-401(d) (1997).[1]  Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness.  Id.; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting our de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the appellee in his own behalf; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102,-103,-210 (1997); see also Ashby, 823 S.W.2d at 16.  Furthermore the appellant, in this case the State, bears the burden of demonstrating to this court the impropriety of the sentence imposed. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

The State argues that the trial court incorrectly found that the appellee was an appropriate candidate for probation.  Specifically, the State contends that, considering the appellee's extensive criminal history consisting of three felony convictions and twenty-eight misdemeanor convictions, the appellee's past unsuccessful attempts at rehabilitation, and the "[appellee's] repeated attempts to deflect responsibility for his crimes during the sentencing hearing," the trial court should have imposed a sentence of incarceration upon the appellee, not probation.

---

[1] Neither the State nor the appellee contest the length of the appellee's sentence.

We begin our analysis by determining if the appellee is statutorily presumed to be a suitable candidate for an alternative sentence. See State v. Bingham, 910 S.W.2d 448, 453 (Tenn. Crim. App. 1995), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). Initially we note that probation is a form of alternative sentencing. Tenn. Code Ann. § 40-35-104(c)(3) (1997). To be entitled to the statutory presumption of alternative sentencing, the appellee must meet the following criteria: (1) the appellee must have been convicted of a class C, D or E felony; (2) the appellee must have been sentenced as a standard or mitigated offender; and (3) the appellee must not "possess[] [a] criminal histor[y] evincing a clear disregard for the laws and morals of society, and evincing a failure of past efforts at rehabilitation." Tenn. Code Ann. § 40-35-102(5) and (6) (1997). Because the appellee's extensive criminal history could be said to indicate a disregard for the laws of society and because the appellee admits that he has failed at past efforts at rehabilitation, the appellee is not entitled to a statutory presumption in favor of alternative sentencing.

However, because the trial court imposed a sentence of less than eight years upon the appellee, the appellee is still eligible for probation. Tenn. Code Ann. § 40-35-303(a) (1997). As this court has stated

> [w]hile not controlling the discretion of the sentencing court, the following criteria shall be accorded weight: "(1) the nature and [circumstances] of the conduct involved; (2) the [appellee's] potential or lack of potential for rehabilitation; (3) whether a sentence of probation will unduly depreciate the seriousness of the offense; and (4) whether a sentence other than probation would provide an effective deterrent to others likely to commit similar crimes."

State v. Kirkland, No. 03C01-9606-CR-00248, 1997 WL 55936, at *5 (Tenn. Crim. App. at Knoxville, February 12, 1997)(citations omitted)(alteration in original).

The record reveals that the trial court considered the appellee's criminal past and failures at rehabilitation. However, the trial court accredited the testimony of the appellee concerning the positive role that the Hope Center had in his changed lifestyle, finding that there is a reasonable likelihood that the appellee can be rehabilitated. The trial court in its discretion found that it was in the best interest of the appellee and society that the appellee be sentenced to probation instead of incarceration. Because the record reflects that the trial court correctly considered all appropriate sentencing principles and considerations, we are bound to uphold the trial court's decision, even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). This issue is without merit.

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE